## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| PLAINTIFF: PEOPLE OF THE STATE OF CALIFORNIA | Reserved for Clerk's File Stamp **FILED** Superior Court of California County of Los Angeles |
| DEFENDANT: Juan Perez | MAR 07 2018 Sherri R. Carter, Executive Officer/Clerk By _____ Deputy Lonnie Gadik |
| **FELONY ADVISEMENT OF RIGHTS, WAIVER, AND PLEA FORM** | CASE NUMBER: ████ DEPT.: N |

Fill out this form if you wish to plead guilty or no contest to the charges against you. Initial the box for each applicable item only if you understand and agree with it, and sign and date the form where it says "DEFENDANT'S SIGNATURE" on page 4. If you have any questions about anything on this form or about your case, ask your attorney or the judge.

1.   I wish to plead guilty or no contest to the following charges, and I wish to admit the prior convictions, special allegations and enhancements, listed below, which carry the maximum penalties set out below:

| COUNT | CHARGE | MAX. TERM | ENHANCEMENTS (Including Priors and Specials) | YEARS | TOTAL YEARS |
|---|---|---|---|---|---|
| ① | 243(d) | 4 | n 1⁄4 | 4 1⁄4 | 4 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | AGGREGATE TERM OF IMPRISONMENT | | | 4 |

**TERMS OF ANY PLEA BARGAIN (If applicable)**                                              **Initials**

2.   I understand that it is necessary to disclose any promises of particular sentences or sentence recommendations to the Court on this form. My attorney has told me that if I plead guilty or no contest to the above-listed charge(s), and enhancement(s), the Court **will sentence me as follows:**

A.   Deny Probation and impose a total **State Prison** term of _____ years and _____ months.   ☒

B.   Grant **Probation** under the conditions to be set by the Court, including serving _228 or 228_ days in the County jail. I understand that a violation of any of the terms and conditions of my probation may cause the Court to send me to state prison for up to the maximum punishment provided by law.   JP

C.   **Restitution, Statutory Fees, and Assessments** — I understand that the Court will order me to pay between $200 and $10,000 to the Victim Restitution Fund, and if appropriate, pay actual restitution to any victim. The Court will also order me to pay statutory fees and other assessments.   JP

D.   **Parole Revocation Fine** — I understand that if I am sentenced to state prison, the Court is required to impose a parole revocation fine, which will be suspended unless my parole is revoked.   JP

E.   Other Terms: _admit   personal   infliction_   JP
_____
_____
_____

CRIM 102 01/04                                      Page 1 of 4                                      0300.C30

**Initials**

**RIGHT TO AN ATTORNEY AND WAIVER (If applicable)**

3. I understand that I have a right to be represented by an attorney of my choice throughout the proceedings. I further understand that if I cannot afford an attorney, the Court will appoint one to represent me at no cost to me. I hereby waive and give up my right to be represented by an attorney.



**CONSTITUTIONAL RIGHTS**

4. I understand that I have each of the following rights as to the charges, prior convictions, special allegations and enhancements that are alleged against me.



A. **Right to a Jury Trial** — I have the right to a speedy, public jury trial. At the trial, I would be presumed to be innocent, and I could not be convicted unless, after hearing all of the evidence, 12 impartial jurors chosen from the community were convinced of my guilt beyond a reasonable doubt.



B. **Right to a Court Trial** — As an alternative to a jury trial, if the prosecutor agrees, I may waive jury and have a court trial, where a judge alone sitting without a jury hears the evidence. I still could not be convicted unless, after hearing all of the evidence, the judge was convinced of my guilt beyond a reasonable doubt.



C. **Right to Confront and Cross-Examine Witnesses** — I have the right to confront and cross-examine all witnesses testifying against me. This means that the prosecution must produce the witnesses in court, they must testify under oath in my presence, and my attorney will be allowed to question them.



D. **Right to Remain Silent** — I have the right to remain silent and not incriminate myself, and I cannot be forced to say anything against or to testify against myself. I understand that by pleading guilty or no contest, I am waiving and giving up that right and incriminating myself.



E. **Right to Produce Evidence and to Present a Defense** — I have the right to present evidence and to have the Court issue subpoenas to bring into court all witnesses and evidence favorable to me, at no cost to me. I also have the right to testify on my own behalf.



**WAIVER OF CONSTITUTIONAL RIGHTS**

5. I hereby waive and give up, for all of the charges against me, including any prior convictions, special allegations or enhancements, my right to a jury trial, my right to a court trial, my right to confront and cross-examine witnesses, my right against self-incrimination and my right to produce evidence and to put on a defense, including my right to testify on my own behalf.



**STATUTORY RIGHT TO A PRELIMINARY HEARING AND WAIVER**

6. I understand that I have a statutory right to a speedy preliminary hearing, prior to any trial. Before I can be required to stand trial, at the preliminary hearing, the prosecutor would have to present evidence sufficient to establish reasonable cause to believe I committed the crimes charged. I also would have all of the above constitutional rights at the preliminary hearing, except that I do not have a right to a jury. I hereby waive and give up my right to the preliminary hearing.



**CONSEQUENCES OF MY PLEA**

7. **Parole (If applicable)** — I understand that a sentence to state prison will include a period of supervised release into the community on parole for _____ years, and that if I violate any of the terms and conditions of my parole, I can be returned to state prison for up to one year for each violation.



8. **Effect of Conviction on Other Cases** — I understand that a conviction in this case may be grounds for violating any probation or parole that I have been granted in any other case and that I may be subject to additional punishment as a result of that violation.



9. **Registration** (Check as appropriate box) — I understand that I will be required to register with my local police agency as an: [ ] arson offender  [ ] gang member  [ ] narcotics offender  [ ] sex offender, and that if I fail to register or keep my registration current, new criminal charges may be filed against me.



Initials

10. **DNA Sample** — I understand that I must provide two blood specimens, a saliva specimen, a right thumbprint, and a palm print, for identification purposes, and that failure to do so constitutes a new criminal offense.

11. **Serious or Violent Felony** — I understand that if I am pleading to a serious or violent felony (a strike offense), and I am convicted of another felony in the future, then pursuant to the Three Strikes laws, the penalty for that future felony will be increased as a result of my conviction in this case.

12. **Immigration Consequences** — I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will result in my deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty.

## PLEA

13. I hereby freely and voluntarily plead _____ No Contest _____ to the charge(s) listed on page 1 and admit the prior conviction(s), and special allegation(s) and enhancements listed on page 1. I understand that such admission(s) will increase the penalties imposed on me.

14. Prior to entering this plea, I have had a full opportunity to discuss with my attorney the facts of my case, the elements of the charged offense(s) and enhancement(s), any defenses that I may have, my constitutional rights and waiver of those rights, and the consequences of my plea.

15. I offer my plea of guilty or no contest freely and voluntarily and with full understanding of all the matters set forth in the pleading and in this form. No one has made any threats, used any force against me, my family, or loved ones, or made any promises to me, except as set out in this form, in order to convince me to plead guilty or no contest.

16. I offer to the Court the following as the basis for my plea of guilty or no contest and any admission(s) (select applicable box):

    A. I stipulate and agree that there is a factual basis for my plea(s) and admission(s).

    B. I am pleading guilty or no contest to take advantage of a plea bargain. *(People v. West)*

17. I am not taking any medication, or under the influence of any substance, or suffering from any medical condition, that is or may be impairing my ability to enter into this plea agreement.

18. I understand that a no contest plea will be treated the same as a guilty plea by the Court and that I will be found guilty upon a no contest plea. My no contest plea will not be a bar to liability in any civil lawsuit.

19. If applicable - I understand that the Court is allowing me to surrender at a later date to begin my time in custody. I agree that if I fail to appear on the date set for surrender without a legal excuse, then my plea will become an open plea to the Court and I may be sentenced to anything up to the maximum allowed by law.

20. If applicable - I understand that I have the right to be sentenced by the same judge or commissioner who takes my plea. I waive and give up that right and agree that any judge or commissioner may sentence me.

21. I have no further questions of the Court or of counsel with regard to my plea(s) and admission(s) in this case.

## STIPULATION TO COMMISSIONER (If applicable)

22. I understand that I have the right to enter my plea before, and be sentenced by, a judge. I give up this right and agree to enter my plea before and be sentenced by a commissioner sitting as a temporary judge.

CRIM 102 01/04

0300.C30

## DEFENDANT'S SIGNATURE

I have read and initialed each of the paragraphs above and discussed them with my attorney. My initials mean that I have read, understand and agree with what is stated in the paragraph. The nature of the charges and possible defenses to them, and the effect of any special allegations and enhancements have been explained to me. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charges.

Signed: _Ramon Berna Bringas_     DEFENDANT     Dated: 3-7-18

## ATTORNEY STATEMENT

I am the attorney of record for the defendant. I have reviewed this form with my client. I have explained each of the defendant's rights to the defendant and answered all of his or her questions with regard to those rights and this plea. I have also discussed the facts of the case with the defendant, and explained the nature and elements of each charge, any possible defenses to the charges, the effect of any special allegations and enhancements, and the consequences of the plea. I concur in the plea and any related admission and join in the waiver of defendant's constitutional and statutory rights, and I hereby stipulate that there is a factual basis for the plea. I have explained to the defendant that, to the best of my knowledge, the prosecution has provided me with all information and evidence that might play a significant role in his or her defense, or exculpate the defendant, and I know of no reason that the defendant should not plead to this charge.

Signed: _____     DEFENDANT'S ATTORNEY     Dated: 3/7/18

## INTERPRETER'S STATEMENT (If applicable)

I, having been duly sworn or having a written oath on file, certify that I truly translated this form to the defendant in the language indicated below. The defendant stated that he or she understood the contents on the form, and then initialed and signed the form.

Language: ☒ Spanish ☐ Other (specify) _____

Signed: _____     COURT INTERPRETER     Dated: 3/7/18

Romina Cohen
TYPE OR PRINT NAME

## COURT'S FINDINGS AND ORDER

The Court, having reviewed this form and any addenda, and having questioned the defendant concerning the defendant's constitutional rights and admission of any prior convictions and special allegations, finds that the defendant has expressly, knowingly, understandingly, and intelligently waived and given up his or her constitutional and statutory rights. The Court finds that the defendant's plea(s) and admission(s) are freely and voluntarily made with an understanding of the nature and consequences thereof, that any allegations of prior convictions, special allegations and enhancements, as indicated in this form are true, and that there is a factual basis for the plea(s) and admission(s). The Court accepts the defendant's plea(s), admission of prior conviction(s) and special allegation(s), if any, and the defendant is convicted upon his or her plea(s). The Court orders that this form filed and incorporated in the docket by reference as though fully set forth therein.

Signed: _____     JUDGE (or TEMPORARY JUDGE) of the SUPERIOR COURT     Dated: 3/7/18

CRIM 102 01/04     0300.C30

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

v.

**01  JUAN RAMON PEREZ  (DOB** ███████**)**

Defendant(s).

CASE NO ████████

*FELONY COMPLAINT*
*FOR ARREST WARRANT*

FILED
Superior Court of California
County of Los Angeles

DEC 13 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Ripa Anislakosyan

The undersigned is informed and believes that:

COUNT 1

On or about November 14, 2017, in the County of Los Angeles, the crime of BATTERY WITH SERIOUS BODILY INJURY, in violation of PENAL CODE SECTION 243(d), a Felony, was committed by JUAN RAMON PEREZ, who did willfully and unlawfully use force and violence upon the person of ████████ ████████ resulting in the infliction of serious bodily injury on such person.

"NOTICE:  The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

* * * * *

**NOTICE:** Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1.  Willful refusal to provide the samples and impressions is a crime.

**NOTICE:** The People of the State of California intend to present evidence and seek jury findings regarding all applicable circumstances in aggravation, pursuant to Penal Code section 1170(b) and *Cunningham v. California* (2007) 549 U.S. 270.

**NOTICE:** A Suspected Child Abuse Report (SCAR) may have been generated within the meaning of Penal Code §§ 11166 and 11168 involving the charges alleged in this complaint.  Dissemination of a SCAR is limited by Penal Code §§ 11167 and 11167.5 and a court order is required for full disclosure of the contents of a SCAR.

**NOTICE:** Any allegation making a defendant ineligible to serve a state prison sentence in the county jail shall not be subject to dismissal pursuant to Penal Code § 1385.

**NOTICE:** Conviction of this offense prohibits you from owning, purchasing, receiving, possessing, or having under your custody and control any firearms, and effective January 1, 2018, will require you to complete a Prohibited Persons Relinquishment Form ("PPR") pursuant to Penal Code § 29810.

Further, attached hereto and incorporated herein are official reports and documents of a law enforcement agency which the undersigned believes establish probable cause for the arrest of defendant(s) JUAN RAMON PEREZ for the above-listed crimes.  Wherefore, a warrant of arrest is requested for JUAN RAMON PEREZ.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER ███████ CONSISTS OF 1 COUNT(S).

Executed at VAN NUYS, County of Los Angeles, on December 13, 2017.

VED # 34580

MARIA DAVALOS
DECLARANT AND COMPLAINANT

....................................................................................................................................

JACKIE LACEY,  DISTRICT ATTORNEY

BY: _____
CYNTHIA MEAGHER-WALKER, DEPUTY

| AGENCY: | LAPD - NORTH HOLLYWOOD | I/O: MARIA DAVALOS | ID NO.: ███ | PHONE ███████ |
| DR NO.: ███████ | | OPERATOR: KL | PRELIM. TIME EST.: 30 MINUTE(S) | |

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|---|---|---|---|---|---|
| PEREZ, JUAN RAMON | ████████ | | | $50,000 | |

It appearing to the Court that probable cause exists for the issuance of a warrant of arrest for the above-named defendant(s), the warrant is so ordered.

JUAN PEREZ

BAIL: $ 50,000

DATE: 12-18-17

Judge of the Above Entitled Court
GREGORY A. DOHI

Rev. 920-6/0 ███████          Page 3          Case N ███████

*FELONY COMPLAINT FOR ARREST WARRANT*

NON-WARRANT DEFENDANTS:

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY R'TN DATE |
|-----------|---------|-----|-------------|--------------|-------------------|
| | | | | | |

**FELONY COMPLAINT -- ORDER HOLDING TO ANSWER -- P.C. SECTION 872**

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

JUAN RAMON PEREZ

| Ct. | Charge | Charge Range | Allegation | Alleg. Effect |
|-----|--------|--------------|------------|---------------|
| 1 | PC 243(d) | 2-3-4 State Prison | | |

I order that the defendant(s) be held to answer therefore and be admitted to bail in the sum of:

JUAN RAMON PEREZ                    $50,000 Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given.  Date of arraignment in Superior Court will be:

JUAN RAMON PEREZ                    2/8/18 in Dept N

at: 8:30 A.M.

Date: 1/25/18

_____
*Committing Magistrate*

*NY COMPLAINT FOR ARREST WARRANT*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

**FILED**
Superior Court of California
County of Los Angeles

FEB 0 8 2018

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Lorna Babik

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO. ▮▮▮▮ |
| Plaintiff, | |
| v. | *INFORMATION* |
| 01  JUAN RAMON PEREZ (DOB ▮▮▮▮ | Arraignment Hearing |
| Defendant(s). | Date: 02/08/2018 |
| | Department: NW N |

### INFORMATION
### SUMMARY

| Ct. No. | Charge | Charge Range | Defendant | Allegation | Alleg. Effect |
|---|---|---|---|---|---|
| 1 | PC 243(d) | 2-3-4 State Prison | PEREZ, JUAN RAMON | PC 12022(b)(1) | +1Yr State Prison |

The District Attorney of the County of Los Angeles, by this Information alleges that:

COUNT 1

On or about November 14, 2017, in the County of Los Angeles, the crime of BATTERY WITH SERIOUS BODILY INJURY, in violation of PENAL CODE SECTION 243(d), a Felony, was committed by JUAN RAMON PEREZ, who did willfully and unlawfully use force and violence upon the person of ▮▮▮▮ resulting in the infliction of serious bodily injury on such person.

"NOTICE: The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)."

It is further alleged that in the commission and attempted commission of the above offense, the said defendant(s), JUAN RAMON PEREZ, personally used a deadly and dangerous weapon(s), to wit, WOODEN PLANK, said use not being an element of the above offense, within the meaning of Penal Code Section 12022(b)(1) and causing the above offense to be a serious felony within the meaning of Penal Code section 1192.7(c)(23).

* * * * *

**NOTICE:  Conviction of this offense will require the defendant to provide DNA samples and print impressions pursuant to Penal Code sections 296 and 296.1.  Willful refusal to provide the samples and impressions is a crime.**

**NOTICE:  Any allegation making a defendant ineligible to serve a state prison sentence in the county jail shall not be subject to dismissal pursuant to Penal Code § 1385.**

**NOTICE:  Conviction of this offense prohibits you from owning, purchasing, receiving, possessing, or having under your custody and control any firearms, and effective January 1, 2018, will require you to complete a Prohibited Persons Relinquishment Form ("PPR") pursuant to Penal Code § 29810.**

THIS INFORMATION CONSISTS OF 1 COUNT(S).

Filed in Superior Court,
County of Los Angeles

DATED:  2/8/18

JACKIE LACEY
DISTRICT ATTORNEY
County of Los Angeles,
State of California

BY: _____

BRAD HARMON
DEPUTY DISTRICT ATTORNEY

/IA

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.



```
 1

 2                                    FILED
                          LOS ANGELES SUPERIOR COURT
 3

 4                              MAR 07 2018

 5                        SHERRI R. CARTER, CLERK
                         BY SILA QUEVEDAN, DEPUTY
 6

 7

 8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

 9                FOR THE COUNTY OF LOS ANGELES

10    DEPARTMENT NW N              HON. THOMAS RUBINSON, JUDGE

11

12    THE PEOPLE OF THE STATE OF CALIFORNIA,   )
                                               )
13                  PLAINTIFF,                 )
                                               )
14    VS.                                      ) NO. ███████
                                               )
15    JUAN R. PEREZ,                           ) NO CONTEST PLEA
                                               ) & SENTENCING
16                  DEFENDANT.                 ) COUNTY JAIL
      _____)

17

18         VAN NUYS, CALIFORNIA; WEDNESDAY, MARCH 7, 2018

19                         A.M. SESSION

20

21    UPON THE ABOVE DATE, DEFENDANT JUAN R. PEREZ

22    BEING PRESENT, REPRESENTED BY MICHAEL SIMMRIN,

23    DEPUTY ALTERNATE PUBLIC DEFENDER, AND ASSISTED BY

24    ROMINA COHEN, CERTIFIED SPANISH INTERPRETER ███████

25    THE PEOPLE BEING REPRESENTED BY BRAD HARMON, DEPUTY

26    DISTRICT ATTORNEY FOR THE COUNTY OF LOS ANGELES,

27    THE FOLLOWING PROCEEDINGS WERE HELD:

28    (FRANKIANN DALTON, CSR NO. ███████ OFFICIAL REPORTER.)
```

                                    1

1                              -oOo-

2        THE COURT:  ALL RIGHT.  JUAN PEREZ, NUMBER THREE

3   ON CALENDAR, █████████  HE IS PRESENT IN CUSTODY

4   REPRESENTED BY MR. SIMMRIN.  HE'S BEING ASSISTED BY THE

5   SPANISH INTERPRETER.

6        INTERPRETER:  ROMINA COHEN, OATH ON FILE,

7   CERTIFICATION NUMBER █████████

8        THE COURT:  THANK YOU.

9             MR. HARMON FOR THE PEOPLE.  IT'S HERE FOR

10  PRETRIAL.  MY UNDERSTANDING IS THERE'S A NEGOTIATED

11  DISPOSITION IN THE CASE.  MR. PEREZ IS GOING TO PLEAD TO

12  COUNT 1.  HE'S GOING TO ADMIT THAT HE PERSONALLY

13  INFLICTED THE SERIOUS BODILY INJURY MAKING THIS A STRIKE

14  OFFENSE.  HE'S GOING TO RECEIVE THREE YEARS' PROBATION,

15  TIME SERVED IN COUNTY JAIL, AND THEN STANDARD TERMS AND

16  CONDITIONS IN THAT.

17             IS THAT RIGHT?

18       MR. SIMMRIN:  YES.

19       THE COURT:  INCLUDING RESTITUTION.  ALL RIGHT.

20             MR. PEREZ, HAVE YOU HAD ENOUGH TIME TO

21  DISCUSS THE CASE WITH YOUR ATTORNEY INCLUDING ANY AND

22  ALL POSSIBLE DEFENSES TO THE CHARGES, WHAT THE OFFER IS

23  AND ITS TERMS, WHAT YOUR RIGHTS ARE, AS WELL AS ALL THE

24  CONSEQUENCES OF THE PLEA?

25       THE DEFENDANT:  YES.

26       THE COURT:  HAVE YOU HAD ENOUGH TIME?

27       THE DEFENDANT:  (IN ENGLISH) YES.

28       THE COURT:  ALL RIGHT.  ANSWER IN SPANISH AND LET

                              2

1  HER DO THE TRANSLATING.  OKAY?

2      THE DEFENDANT:  OKAY.

3      THE COURT:  DO YOU WISH TO ENTER A NO CONTEST PLEA

4  ON THE TERMS THAT I'VE JUST DESCRIBED?  IS THAT RIGHT?

5      THE DEFENDANT:  YES.

6      THE COURT:  I HAVE IN MY HANDS THIS PINK FOUR-PAGE

7  FORM ENTITLED FELONY ADVISEMENT OF RIGHTS, WAIVER AND

8  PLEA FORM.  CAN YOU SEE THIS FORM FROM WHERE YOU'RE

9  SITTING?

10     THE DEFENDANT:  YES.

11     THE COURT:  DID YOU PLACE YOUR INITIALS IN THE

12 BOXES ALONG THE RIGHT-HAND SIDE OF THIS FORM AND THEN

13 SIGN AND DATE THE LAST PAGE OF THE FORM?

14     THE DEFENDANT:  YES.

15     THE COURT:  MR. SIMMRIN, DID YOU SIGN AND DATE THE

16 FORM?

17     MR. SIMMRIN:  YES.

18     THE COURT:  THANK YOU.

19       MR. PEREZ, PRIOR TO INITIALING AND SIGNING

20 THE FORM, DID YOU READ IT WITH THE ASSISTANCE OF THE

21 SPANISH LANGUAGE INTERPRETER?

22     THE DEFENDANT:  YES.

23     THE COURT:  DID YOU GO OVER THE FORM IN DETAIL

24 WITH YOUR ATTORNEY INCLUDING ASKING HIM ANY AND ALL

25 QUESTIONS YOU HAVE ABOUT EVERYTHING ON THE FORM?

26     THE DEFENDANT:  YES.

27     THE COURT:  DO YOU, IN FACT, UNDERSTAND THE NATURE

28 OF THE CHARGES AGAINST YOU, THE MAXIMUM SENTENCE YOU

3

1  COULD BE FACING IN THE CASE, THE TERMS OF THE

2  DISPOSITION OF SETTLEMENT IN THE MATTER, ANY AND ALL

3  POSSIBLE DEFENSES TO THE CHARGES, WHAT YOUR

4  CONSTITUTIONAL AND STATUTORY RIGHTS ARE AND THE MEANING

5  OF WAIVING THOSE RIGHTS, AND AS WELL AS ALL THE

6  CONSEQUENCES OF THE PLEA ALL OF WHICH ARE DISCUSSED ON

7  THE FORM?  DO YOU, IN FACT, UNDERSTAND ALL OF THOSE

8  THINGS?

9       THE DEFENDANT:  YES.

10      THE COURT:  DO YOU, IN FACT, AGREE TO WAIVE AND

11 GIVE UP ALL OF THE CONSTITUTIONAL AND STATUTORY RIGHTS

12 AS SET FORTH ON THE FORM?

13      THE DEFENDANT:  YES.

14      THE COURT:  IF YOU'RE NOT A CITIZEN OF THE UNITED

15 STATES, CONVICTION OF THIS OFFENSE WILL HAVE THE

16 CONSEQUENCES OF DEPORTATION, REMOVAL, EXCLUSION FROM

17 ADMISSION TO THE UNITED STATES, DENIAL OF REENTRY,

18 DENIAL OF NATURALIZATION, AND DENIAL OF AMNESTY PER THE

19 UNITED STATES LAW.

20           DO YOU UNDERSTAND THAT?

21      THE DEFENDANT:  YES.

22      THE COURT:  MR. HARMON, CAN YOU LOOK THIS UP AND

23 SEE IF IT'S A VIOLENT FELONY?

24      MR. HARMON:  NO, IT'S NOT.

25      THE COURT:  IF YOU'RE CURRENTLY ON PROBATION OR

26 PAROLE IN ANY OTHER CASE, YOUR PLEA IN THIS CASE WILL

27 CONSTITUTE A VIOLATION OF THAT PROBATION OR PAROLE.

28 THAT COULD RESULT IN YOUR SERVING ADDITIONAL TIME IN

1    CUSTODY.

2                   DO YOU UNDERSTAND THAT?

3           THE DEFENDANT:  YES.

4           THE COURT:  YOU ARE GOING TO BE PLACED ON FORMAL

5    FELONY PROBATION ON THIS CASE.  IF YOU VIOLATE ANY TERMS

6    AND CONDITIONS OF YOUR PROBATION, YOU CAN GO TO PRISON

7    IN THIS CASE FOR UP TO THE MAXIMUM WHICH IS FOUR YEARS.

8                   DO YOU UNDERSTAND THAT?

9           THE DEFENDANT:  YES.

10          THE COURT:  IF YOU DO END UP GOING TO PRISON ON

11   THE CASE, WHICH I HOPE DOESN'T HAPPEN, BUT IF IT DOES,

12   WHEN YOU'RE RELEASED, YOU'LL BE PLACED ON PAROLE.  IF

13   YOU VIOLATE ANY TERMS AND CONDITIONS OF THAT PAROLE, YOU

14   COULD GO BACK TO PRISON FOR UP TO ONE YEAR ON EACH

15   VIOLATION.

16                  DO YOU UNDERSTAND THAT?

17          THE DEFENDANT:  YES.

18          THE COURT:  YOU ARE PLEADING TO A FELONY, SIR.

19   AND MORE IMPORTANTLY THAN THAT, YOU'RE GOING TO BE

20   PLEADING TO A SERIOUS FELONY MEANING IT IS A STRIKE

21   UNDER THE MEANING OF THE THREE STRIKES LAW IN THE STATE

22   OF CALIFORNIA.  THAT MEANS THAT IF YOU'RE CONVICTED OF

23   ANY OTHER FELONIES IN THE FUTURE, YOUR PENALTY OR YOUR

24   SENTENCE ON THOSE FUTURE CASES COULD BE ENHANCED OR

25   INCREASED AS A RESULT OF YOUR PLEA IN THIS CASE.  IN

26   PARTICULAR, THE NEXT FELONY THE SENTENCE WOULD BE

27   DOUBLED; AND IF YOU WERE TO SUFFER ANOTHER SERIOUS OR

28   VIOLENT FELONY, ANOTHER STRIKE, ULTIMATELY YOU COULD BE

1    LOOKING AT A TRIPLING OF YOUR SENTENCE OR 25 YEARS IN

2    PRISON, 25 TO LIFE OR MORE.

3              DO YOU UNDERSTAND CLEARLY, SIR, THAT YOU

4    ARE PLEADING TO A SERIOUS FELONY, IT IS A STRIKE, AND

5    WILL REMAIN A STRIKE ON YOUR RECORD FOR THE REST OF YOUR

6    LIFE?

7         THE DEFENDANT:  YES.

8         THE COURT:  DO YOU HAVE ANY QUESTIONS?

9         THE DEFENDANT:  NO.

10         THE COURT:  HAS ANYONE PROMISED YOU ANYTHING OTHER

11    THAN WHAT WE'VE TALKED ABOUT HERE IN OPEN COURT AND

12    WHAT'S ON THE FORM THAT YOU SIGNED IN ORDER TO CONVINCE

13    YOU TO PLEAD NO CONTEST?

14         THE DEFENDANT:  NO.

15         THE COURT:  HAS ANYONE THREATENED YOU OR ANYONE

16    CLOSE TO YOU IN ORDER TO CONVINCE YOU TO PLEAD NO

17    CONTEST?

18         THE DEFENDANT:  NO.

19         THE COURT:  ARE YOU PLEADING FREELY AND

20    VOLUNTARILY WITH FULL KNOWLEDGE OF ALL THE CONSEQUENCES

21    OF THE PLEA BECAUSE THIS IS WHAT YOU WANT TO DO?

22         THE DEFENDANT:  YES.

23         THE COURT:  DO YOU UNDERSTAND THAT A NO CONTEST

24    PLEA WILL BE TREATED THE SAME AS A GUILTY PLEA WITH ALL

25    THE SAME CONSEQUENCES AND, IN FACT, I'LL BE FINDING YOU

26    GUILTY BASED UPON THAT PLEA?

27         THE DEFENDANT:  YES.

28         THE COURT:  JUAN RAMON PEREZ, TO COUNT 1 OF

1   INFORMATION NUMBER ████████ ALLEGING THAT ON OR ABOUT

2   NOVEMBER 14TH, 2017, WITHIN THE COUNTY OF LOS ANGELES

3   YOU COMMITTED THE CRIME OF BATTERY WITH SERIOUS BODILY

4   INJURY IN VIOLATION OF PENAL CODE SECTION 243(D) WHICH

5   IS A FELONY, HOW DO YOU NOW PLEAD?

6           THE DEFENDANT:  NO CONTEST.

7           THE COURT:  THANK YOU.

8               AND DO YOU ADMIT THAT YOU PERSONALLY USED

9   FORCE AND VIOLENCE UPON THE VICTIM AND PERSONALLY

10  INFLICTED THE SERIOUS BODILY INJURY UPON THAT VICTIM

11  THEREBY MAKING THIS A STRIKE OFFENSE?

12          THE DEFENDANT:  YES.

13          THE COURT:  DOES COUNSEL JOIN IN THE WAIVERS,

14  CONCUR IN THE PLEA AND THE -- CONCUR IN THE PLEA, AND

15  STIPULATE THERE'S A FACTUAL BASIS FOR THE PLEA, THAT

16  FACTUAL BASIS BEING FOUND IN THE POLICE REPORTS AND

17  PRELIMINARY HEARING TRANSCRIPT IN THIS CASE?

18          MR. SIMMRIN:  YES.

19          THE COURT:  THANK YOU.

20              THE COURT, HAVING REVIEWED THE PINK WAIVER

21  FORM, HAVING QUESTIONED THE DEFENDANT AND HIS ATTORNEY

22  CONCERNING THE DEFENDANT'S CONSTITUTIONAL AND STATUTORY

23  RIGHTS AS WELL AS HIS UNDERSTANDING OF THE CONSEQUENCES

24  OF WAIVING THOSE RIGHTS, FINDS THAT THE DEFENDANT HAS

25  EXPRESSLY, KNOWINGLY, UNDERSTANDINGLY, AND INTELLIGENTLY

26  WAIVED HIS CONSTITUTIONAL AND STATUTORY RIGHTS.

27              COURT FURTHER FINDS THE PLEA HAS BEEN

28  FREELY AND VOLUNTARILY MADE WITH AN UNDERSTANDING OF THE

1  NATURE AND CONSEQUENCES THEREOF.

2              THE COURT FINDS THERE'S A FACTUAL BASIS FOR

3  THE PLEA.  THE COURT ACCEPTS THE PLEA, FINDS THE

4  DEFENDANT GUILTY BASED UPON HIS PLEA.

5              I HAVE SIGNED AND DATED THE LAST PAGE OF

6  THE FORM.  THE COURT ORDERS THE FORM INCORPORATED INTO

7  THE DOCKET BY REFERENCE AS THOUGH FULLY SET FORTH

8  THEREIN.

9              MR. SIMMRIN, DO YOU WAIVE FORMAL

10 ARRAIGNMENT FOR JUDGMENT, TIME FOR SENTENCE?

11      MR. SIMMRIN:  YES.

12      THE COURT:  BY THE WAY, WE DO NOT HAVE A PROBATION

13 REPORT ON THIS CASE SO I THINK WHAT I'M GOING TO DO, I

14 KNOW HE WANTS TO DO THE SENTENCE TODAY BECAUSE IT'S TIME

15 SERVED --

16      MR. SIMMRIN:  WELL, YOUR HONOR, WE HAVE AN O.R.

17 REPORT.  I WOULD ASK THAT THE COURT SENTENCE ON THE O.R.

18 REPORT.

19      THE COURT:  I'M GOING TO DO THAT, BUT I THINK I DO

20 NEED TO SET IT FOR THE ACTUAL RECEIPT OF A PROBATION

21 REPORT.  I CAN SET IT FOR A NONAPPEARANCE.

22      MR. SIMMRIN:  THAT'S FINE.  WELL, WE'RE GOING TO

23 SENTENCE HIM TODAY, CORRECT?

24      THE COURT:  YES.  I KNOW HE WANTS THAT BECAUSE HE

25 WANTS TO GET OUT.

26              ALL RIGHT.  NOW, THIS IS A NEGOTIATED

27 DISPOSITION.  AS TO COUNT 1, IMPOSITION OF SENTENCE IS

28 SUSPENDED.  THE DEFENDANT IS PLACED ON FORMAL FELONY

1  PROBATION FOR A PERIOD OF THREE YEARS ON THE FOLLOWING

2  TERMS AND CONDITIONS:

3            MR. PEREZ IS ORDERED TO SERVE 228 DAYS IN

4  THE COUNTY JAIL.  CREDIT FOR 114 DAYS ACTUALLY SERVED

5  PLUS 114 DAYS OF GOOD TIME/WORK TIME FOR A TOTAL OF

6  128 DAYS.

7            MR. PEREZ IS ORDERED TO REPORT TO THE

8  PROBATION OFFICER WITHIN 48 HOURS OF HIS RELEASE FROM

9  CUSTODY.  IT'S RIGHT ACROSS THE STREET HERE.  THAT'S

10  WHERE YOU'RE GOING TO GO.

11            YOU'RE ORDERED TO SEEK AND MAINTAIN

12  TRAINING, SCHOOLING, OR EMPLOYMENT AS APPROVED BY THE

13  PROBATION OFFICER.  MAINTAIN YOUR RESIDENCE AS APPROVED

14  BY PROBATION.

15            KEEP PROBATION ADVISED OF YOUR HOME AND

16  WORK ADDRESSES AND TELEPHONE NUMBERS AS WELL AS YOUR

17  CELL PHONE NUMBER AT ALL TIMES.

18            SUPPORT ANY DEPENDENTS AS DIRECTED BY THE

19  PROBATION OFFICER.

20            YOU ARE NOT TO OWN, USE, OR POSSESS ANY

21  DANGEROUS OR DEADLY WEAPONS INCLUDING BUT NOT LIMITED TO

22  FIREARMS, KNIVES, OR OTHER CONCEALABLE WEAPONS.

23            YOU'RE TO SUBMIT YOUR PERSON AND PROPERTY

24  TO SEARCH AND SEIZURE AT ANY TIME OF THE DAY OR NIGHT BY

25  ANY PEACE OFFICER OR PROBATION OFFICER WITH OR WITHOUT A

26  WARRANT OR PROBABLE CAUSE.

27            YOU'RE TO PROVIDE A DNA SAMPLE AND PRINT

28  IMPRESSIONS PURSUANT TO PENAL CODE SECTIONS 296 AND

```
 1   296.1 FOR INCLUSION IN THE DNA DATABANK.
 2           YOU ARE TO MAKE RESTITUTION TO THE VICTIM
 3   IN THIS MATTER IN AN AMOUNT TO BE DETERMINED BY THE
 4   PROBATION OFFICER, SUBJECT TO A HEARING IF YOU REQUEST
 5   ONE.
 6           YOU'RE ORDERED TO PAY A RESTITUTION FINE OF
 7   $300, PROBATION REVOCATION FINE OF $300 WHICH IS STAYED
 8   PENDING YOUR SATISFACTORY COMPLETION OF PROBATION, COURT
 9   SECURITY FEE OF $40, CONVICTION ASSESSMENT FEE OF $30.
10           YOU'RE TO OBEY ALL LAWS AND ORDERS OF THE
11   COURT AND RULES, REGULATIONS, AND INSTRUCTIONS OF THE
12   PROBATION OFFICER.
13           DO YOU UNDERSTAND AND ACCEPT EACH OF THESE
14   CONDITIONS OF PROBATION, MR. PEREZ?
15       THE DEFENDANT:  YES.
16       THE COURT:  THAT IS THE ORDER.
17           MR. PEREZ, I'M ADVISING YOU THAT YOU ARE
18   PROHIBITED FROM OWNING, PURCHASING, POSSESSING, OR
19   HAVING UNDER YOUR CUSTODY OR CONTROL ANY FIREARMS,
20   AMMUNITION, AMMUNITION FEEDING DEVICES INCLUDING BUT NOT
21   LIMITED TO MAGAZINES.  YOU ARE ORDERED TO RELINQUISH ALL
22   FIREARMS IN THE MANNER PROVIDED IN PENAL CODE SECTION
23   29810.  YOU HAVE BEEN PROVIDED WITH A PROHIBITED PERSONS
24   RELINQUISHMENT FORM DEVELOPED BY THE DEPARTMENT OF
25   JUSTICE.
26           MR. SIMMRIN, IS HE GOING TO BE FILLING OUT
27   HIS SECTIONS OF THAT FORM OR HAVE YOU ADVISED HIM NOT TO
28   DO THAT?
```

1    MR. SIMMRIN:  I'VE ADVISED HIM NOT TO DO THAT.

2    THE COURT:  I'M STILL GOING TO TASK THE PROBATION

3    OFFICE WITH CONDUCTING AN INVESTIGATION INTO THE

4    DEFENDANT'S COMPLIANCE WITH SECTION 29810 AND PREPARE A

5    REPORT FOR THIS COURT'S REVIEW.  I'M GOING TO SET THE

6    MATTER FOR RECEIPT OF THAT REPORT AND A HEARING.  I'M

7    GOING TO SET THAT ON MARCH 21ST.

8    MR. SIMMRIN:  AND HE WOULD WAIVE HIS APPEARANCE.

9    THE COURT:  ALL RIGHT.  YOU HAVE A RIGHT TO BE

10   PRESENT FOR THAT HEARING, MR. PEREZ, OR IF YOU'D LIKE TO

11   WAIVE YOUR RIGHT TO BE PRESENT, MR. SIMMRIN CAN APPEAR

12   FOR YOU.  WHAT DO YOU WANT TO DO ON THAT, SIR?

13   MR. SIMMRIN:  YOUR HONOR, COULD WE SET THAT DATE

14   AS WELL FOR THE PROBATION REPORT?

15   THE COURT:  DO YOU HAVE WANT TO WAIVE YOUR RIGHT

16   TO BE PRESENT AND HAVE HIM HANDLE IT FOR YOU?

17   THE DEFENDANT:  YES.

18   THE COURT:  ALL RIGHT.  DO YOU JOIN IN THAT

19   WAIVER?

20   MR. SIMMRIN:  YES.

21   THE COURT:  ALL RIGHT.  THAT'S RECEIVED.

22   IT WILL BE SET FOR PROP 63 HEARING AND THE

23   RECEIPT OF THE PROBATION REPORT MARCH 21, 2018, IN THIS

24   COURTROOM AT 8:30 IN THE MORNING.

25   THE MINUTE ORDER FOR THIS HEARING SHOULD

26   INDICATE THAT THE PLEA INDICATED AN ADMISSION OF

27   PERSONAL INFLICTION OF SERIOUS BODILY INJURY AND AN

28   ACKNOWLEDGMENT THAT HE IS PLEADING TO A STRIKE OFFENSE.

1             ALL RIGHT, MR. PEREZ, GOOD LUCK TO YOU.

2             SIR, REPORT TO PROBATION AS SOON AS YOU GET

3    OUT.  FOLLOW THE RULES OF PROBATION.  REPORT WHEN THEY

4    TELL YOU TO REPORT.

5             STAY OUT OF TROUBLE, AND HOPEFULLY I WON'T

6    NEED TO SEE YOU BACK HERE.

7         MR. HARMON:  I'M SORRY, YOUR HONOR.  DID WE DO

8    RESTITUTION?

9         THE COURT:  IT'S JUST THROUGH PROBATION.

10        MR. HARMON:  THAT'S GREAT.

11        THE COURT:  ALL RIGHT.  THANK YOU.

12

13             (THE PROCEEDINGS CONCLUDED.)

14                  ---O0O---

15

16

17

18

19

20

21

22

23

24

25

26

27

28

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                    FOR THE COUNTY OF LOS ANGELES

 3     DEPARTMENT NW N              HON. THOMAS RUBINSON, JUDGE

 4

 5     THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                               )
 6                    PLAINTIFF,               )
                                               )
 7     VS.                                     ) NO. ████████
                                               )
 8     JUAN R. PEREZ,                          ) REPORTER'S
                                               ) CERTIFICATE
 9                    DEFENDANT.                )
       _____)

10

11     COUNTY OF LOS ANGELES  )
                              )   SS.
12     STATE OF CALIFORNIA    )

13

14          I, FRANKIANN DALTON, OFFICIAL REPORTER OF THE

15     SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE

16     COUNTY OF LOS ANGELES, DO HEREBY CERTIFY THAT THE

17     FOREGOING PAGES, 1 THROUGH 12, COMPRISE A FULL, TRUE,

18     AND CORRECT TRANSCRIPT OF THE PROCEEDINGS HELD IN THE

19     MATTER OF THE ABOVE-ENTITLED CAUSE HELD ON WEDNESDAY,

20     MARCH 7, 2018.

21

22                    DATED THIS 10TH DAY OF MARCH, 2018.

23

24

25     _____

26     FRANKIANN DALTON
       CSR NO. ████, OFFICIAL REPORTER

27

28
```